HOLLAND & KNIGHT LLP

Joshua C. Krumholz (*Pro Hac Vice*)
Courtney L. Batliner (*Pro Hac Vice*)
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850
joshua.krumholz@hklaw.com
courtney.batliner@hklaw.com

Vito A. Costanzo (SBN 132754)
Stacey H. Wang (SBN 245195)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450
vito.costanzo@hklaw.com
stacey.wang@hklaw.com

*Attorneys for Defendant*
*HASBRO, INC.*

Additional counsel listed on signature page.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELINOR SHAPIRO, | Case No. 2:15-cv-2964-BRO-AJW |
| Plaintiff, | DISCOVERY MATTER |
| vs. | Referred to Hon. Andrew J. Wistrich |
| HASBRO, INC., a Delaware corporation, and DOES ONE to TEN, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS |
| Defendants. | |

## 1.   GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of highly sensitive financial or business information or proprietary information that has not been disseminated to the public at large, which is not readily discoverable by competitors and has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

## 2.   DEFINITIONS

2.1.   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staff).

2.2.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.   <u>Trade Secret</u>:  information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS

1  or use; and (ii) is the subject of efforts that are reasonable under the circumstances
2  to maintain its secrecy, as set forth in California Civil Code §3426.

3            2.4    "CONFIDENTIAL" Information or Items: comprises or
4  contains information that the Producing Party claims in good faith to constitute or
5  relate to: (1) sensitive technical information that is not publicly available and that
6  is not expressly contained in public information; and (2) sensitive business or
7  financial information that is not publicly available and that is not expressly
8  contained in public information, private personal information, or confidential
9  research, development, or commercial information. "CONFIDENTIAL"
10 Information may include, without limitation, product information (including
11 technical specifications, product composition information, and design
12 specifications), research and development information (including testing
13 documentation, market and demographic research, and product and advertising
14 development), commercial information (including business plans, business
15 strategies, negotiations, and license agreements), financial information (including
16 budgeting, accounting, sales figures and advertising expenditures), business
17 relationship information (including information pertaining to potential and/or
18 existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and
19 parents), personnel information (including compensation, evaluations and other
20 employment information), and patent prosecution information (including present or
21 future patent applications).

22            2.5.    "ATTORNEYS' EYES ONLY" Information or Items:
23 comprises or contains information that the Producing Party claims in good faith to
24 constitute or relate to (1) proprietary research and development and/or highly
25 sensitive technical information that is not publicly available; (2) highly sensitive
26 business-related financial or commercial information that is not publicly available
27 and that is not expressly contained in public information; (3) trade secrets; and/or
28 (4) unpublished patent applications (including future patent applications) and

1    patent prosecution documents that are not available upon request from the United

2    States Patent and Trademark Office or any other patent office.

3           2.6.   Receiving Party:  a Party that receives Disclosure or Discovery

4    Material from a Producing Party.

5           2.7.   Producing Party:  a Party or non-party that produces Disclosure

6    or Discovery Material in this action.

7           2.8.   Designating Party: a Party or non-party that designates

8    information or items that it produces in disclosures or in responses to discovery as

9    "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

10          2.9.   Protected Material: any Disclosure or Discovery Material that is

11   designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

12          2.10.   Outside Counsel: attorneys who are not employees of a Party

13   but who are retained to represent or advise a Party in this action.

14          2.11.   In-House Counsel: attorneys who are employees of a Party and

15   who regularly provide legal advice as part of their job duties.

16          2.12.   Counsel (without qualifier): Outside Counsel and In-House

17   Counsel (as well as their support staffs).

18          2.13.   Expert: a person with specialized knowledge or experience in a

19   matter pertinent to the litigation who has been retained by a Party or its Counsel to

20   serve as an expert witness or as a consultant in this action and who is not a past or

21   a current employee of a Party.  This definition includes a professional jury or trial

22   consultant retained in connection with this litigation.

23          2.14.   Professional Vendors: persons or entities that provide litigation

24   support services (e.g., photocopying; videotaping; translating; preparing exhibits or

25   demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

26   and their employees and subcontractors.

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL
MATERIALS

3.  **SCOPE**

Any Protected Material (as defined above) may not be disseminated or disclosed outside the parameters of the Order, whether that disclosure embodies the entirety of a designated document or any portion or segment thereof.

4.  **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Nothing contained herein, however, is intended to limit or prevent parties from introducing evidence at trial to prove its case. The use of any Protected Material at trial, however, is not addressed at this time, but may be the subject of future application to the District Court Judge assigned to this matter as the need may arise. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party shall return all Protected Material to the Producing Party, or alternatively, with permission in writing from the Designating Party destroy the Protected Material. If the documents were originally produced without charge, they shall be returned without charge. If they were produced at a charge, they shall be returned for the same cost. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. For the avoidance of doubt, a Receiving Party may, with permission in writing from the Designating Party, destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

5

1  compilations, summaries or other forms of reproducing or capturing any of the

2  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

3  an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

4  correspondence or attorney work product, even if such materials contain Protected

5  Material.

6      5.    **DESIGNATING PROTECTED MATERIAL**

7          5.1.  Exercise of Restraint and Reasonable Care in Designating

8  Material for Protection.  Each Party or non-party that designates information or

9  items for protection under this Stipulation and Order must take reasonable care to

10 limit any such designation to specific material that qualifies under the appropriate

11 standards.  A Designating Party must take reasonable care to designate for

12 protection only those parts of material, documents, items, or oral or written

13 communications that qualify – so that other portions of the material, documents,

14 items, or communications for which protection is not warranted are not swept

15 unjustifiably within the ambit of this Stipulation and Order.

16      If it comes to a Party's or a non-party's attention that information or items

17 that it designated for protection do not qualify for protection at all, or do not

18 qualify for the level of protection initially asserted, that Party or non-party must

19 promptly notify all other parties that it is withdrawing the mistaken designation.

20          5.2.  Manner and Timing of Designations.  Except as otherwise

21 provided in this Stipulation and Order (see, e.g., second paragraph of section

22 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for

23 protection under this Stipulation and Order must be clearly so designated before

24 the material is disclosed or produced.

25      Designation in conformity with this Order requires:

26          (a)    for information in documentary form (apart from

27 transcripts of depositions or other pretrial or trial proceedings), that the Producing

28 Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

6

1  conspicuously on each page that contains protected material.  If only a portion or

2  portions of the material on a page qualifies for protection, the Producing Party also

3  must clearly identify the protected portion(s) (e.g., by making appropriate

4  markings in the margins) and must specify, for each portion, the level of protection

5  being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

6       A Party or non-party that makes original documents or materials available

7  for inspection need not designate them for protection until after the inspecting

8  Party has indicated which material it would like copied and produced.  During the

9  inspection and before the designation, all of the material made available for

10  inspection only to the inspecting Party's Outside Counsel, and shall be deemed

11  "ATTORNEYS' EYES ONLY."  After the inspecting Party's Outside Counsel

12  have identified the documents they want copied and produced, the Producing Party

13  must determine which documents, or portions thereof, qualify for protection under

14  this Order, and then, before producing the specified documents, the Producing

15  Party must affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS'

16  EYES ONLY") conspicuously on each page that contains Protected Material.  If

17  only a portion or portions of the material on a page qualifies for protection, the

18  Producing Party also must clearly identify the protected portion(s) (e.g., by making

19  appropriate markings in the margins) and must specify, for each portion, the level

20  of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES

21  ONLY").

22       (b)   for testimony given in deposition or in other proceedings,

23  that the Party or non-party offering or sponsoring the testimony identifies as

24  protected under the terms of this Stipulation and Order, that Party or non-party

25  shall, either on the record before the close of the deposition, hearing, or other

26  proceeding, or else in writing within three (3) business days thereafter, specify all

27  protected testimony and shall further specify the level of protection asserted

28  concerning each portion of protected testimony, be it "CONFIDENTIAL" or

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL
MATERIALS

"ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded), or else in writing within three (3) business days thereafter, a right to have up to 30 days after the date of mailing of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 day period shall be covered by the provisions of this Stipulated Protective Order.

Where, in good faith, it is anticipated by Counsel for the Party or non-party who is testifying that the response to a question or series of questions could qualify as "ATTORNEYS' EYES ONLY" protection, then, on the record, Counsel for the testifying Party or non-party shall ask all Party representatives or non-parties to leave the deposition room during such testimony. Upon the completion of the questioning that is believed to qualify for "ATTORNEYS' EYES ONLY" protection, all Party representatives or non-parties shall be allowed to reenter the deposition room.

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall affix to conspicuously on each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix, in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the

8

1   Producing Party, to the extent practicable, shall identify the protected portions,

2   specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEYS'

3   EYES ONLY."

4           (d)     Inadvertent Failures to Designate. If any Producing Party

5   discovers that it has inadvertently failed to designate and mark any Disclosure or

6   Discovery Material as either "CONFIDENTIAL" or "ATTORNEYS' EYES

7   ONLY", the Producing Party may subsequently inform the Receiving Party of the

8   confidential nature of the disclosed Protected Material, and the Receiving Party

9   shall treat the disclosed Disclosure or Discovery Material as either

10  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" upon receipt of written

11  notice from the Producing Party, to the extent the Receiving Party has not

12  disclosed this Disclosure or Discovery Material. Disclosure of such Disclosure or

13  Discovery Material to persons not authorized to receive that material prior to

14  receipt of the confidentiality designation shall not be deemed a violation of this

15  Order. However, in the event the material has been distributed in a manner

16  inconsistent with the categorical designation, the Receiving Party will take the

17  steps necessary to conform distribution to the categorical designation, i.e., by

18  retrieving all copies of the Disclosure or Discovery Material, or notes or extracts

19  thereof, in the possession of the persons not authorized under this Order to possess

20  such Disclosure or Discovery Material and advising the person to whom disclosure

21  was made that the material is confidential and must be treated as provided in the

22  Order.

23  6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

24          6.1.    Meet and Confer. Any Party may contest a claim of

25  confidentiality. Any Party objecting to the designation of any Disclosure or

26  Discovery Material as either "CONFIDENTIAL", "ATTORNEYS' EYES

27  ONLY", or as set forth in Paragraph 7.3(f), must give Outside Counsel for the

28  Producing Party written notice of its reasons for the objection. The Producing

9

1  Party will then have ten (10) days after receipt of this notice to change the

2  designation or respond in writing why the designation is appropriate.  Failing

3  resolution after service of the written notice of its reasons for the objection, the

4  Party objecting may, on a duly noticed motion, seek an order changing or

5  removing the designation.  The Producing Party asserting confidentiality has the

6  burden of showing that the designation is appropriate.  The information designated

7  as either "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or as set forth in

8  Paragraph 7.3(f), shall remain as such until the matter is resolved by Court order or

9  agreement of the Producing Party.

10       6.2.    No Waiver.  No Party to this action shall be obligated to

11  challenge the propriety of any designation by any Producing Party, and a failure to

12  do so shall not constitute a waiver or in any way preclude a subsequent challenge

13  in this or any other action to the propriety of such designation.

14  7.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

15       7.1.    Basic Principles.  A Receiving Party may use Protected

16  Material that is disclosed or produced by another Party or by a non-party in

17  connection with this case only for prosecuting, defending, or attempting to settle

18  this litigation.  Such Protected Material may be disclosed only to the categories of

19  persons and under the conditions described in this Order.  Following final

20  resolution of the litigation, a Receiving Party shall comply with the provisions of

21  section 11, below (FINAL DISPOSITION).  Protected Material shall be

22  maintained by the Receiving Party at a location and under circumstances

23  reasonably designed to ensure compliance with this Order, and the Receiving Party

24  shall protect the confidentiality of Protected Material using procedures that are no

25  less stringent than the measures used to protect the Receiving Parties' own

26  Protected Material or similar confidential material.

27       7.2.    Disclosure of "CONFIDENTIAL" Information or Items.

28  Unless otherwise ordered by the Court or permitted in writing by the Designating

10

1   Party, a Receiving Party may disclose any information or item designated

2   CONFIDENTIAL only to:

3         (a)    the Receiving Party's Outside Counsel of record in this

4   action (Lisa Borodkin, Attorney at Law and King Holmes Paterno & Berliner LLP

5   for plaintiff and Holland & Knight, LLP for defendant), and independent

6   contractors and employees of said Outside Counsel to whom it is reasonably

7   necessary to disclose the information for this litigation;

8         (b)    the officers, directors, and employees (including In-

9   House Counsel) of the Receiving Party to whom disclosure is reasonably necessary

10  for this litigation;

11        (c)    Experts (as defined in this Order) of the Receiving Party

12  to whom disclosure is reasonably necessary for this litigation and who have signed

13  the "Agreement to Be Bound by Protective Order" (Exhibit A);

14        (d)    the Court and its personnel;

15        (e)    court reporters, their staffs, and other persons involved in

16  recording or transcribing hearings, trial testimony, or deposition testimony in this

17  action;

18        (f)    during their depositions and for the 30-day deposition

19  transcript review period provided under Paragraph 5.2(b), witnesses in the action to

20  whom disclosure is reasonably necessary. Pages of transcribed deposition

21  testimony or exhibits to depositions that reveal Protected Material shall be

22  separately bound by the court reporter and may not be disclosed to anyone except

23  as permitted under this Stipulated Protective Order. Any Party seeking to use

24  CONFIDENTIAL information during a deposition shall obtain a statement on the

25  record that the deponent and any other persons in attendance have agreed to abide

26  by the terms of this Stipulated Protective Order. If the deponent refuses to agree,

27  disclosure of such information to the witness during the deposition shall not

28  constitute a waiver of confidentiality, provided that, under such circumstances, the

1   witness shall be asked to read and sign the original deposition transcript in the

2   presence of the court reporter, and no copy of the transcript or related exhibits shall

3   be given to the deponent.  The terms of this Stipulated Protective Order shall apply

4   to those persons in attendance at depositions and shall require the exclusion of

5   persons not subject to the terms of the Stipulated Protective Order from attending

6   that portion of the deposition at which CONFIDENTIAL or ATTORNEYS' EYES

7   ONLY information is discussed.  In addition, as set forth in Section 5.2(b) above,

8   prior to the disclosure of ATTORNEYS' EYES ONLY information or testimony in

9   the deposition, Counsel for the testifying Party or non-party shall ask all Party

10   representatives or non-parties to leave the deposition room during such testimony;

11                (g)    the author and named recipients of the document, persons

12   who have previously had access to the documents or CONFIDENTIAL

13   Information other than through discovery or disclosures in the litigation, and the

14   original source of the information;

15                (h)    jury or trial consultants retained by a Party in this action,

16   providing that any such consultant is not an employee of a Party nor anticipated to

17   become an employee in the near future;

18                (i)    mock jurors engaged by the Parties and/or their

19   consultants in preparation for trial, provided that (i) no Party will use any mock

20   juror who knows any person employed or affiliated with either Party to this action;

21   and (ii) mock jurors will not be allowed to retain any tangible materials that

22   contain or disclose any Protected Material, and (iii) mock jurors first agree in

23   writing to maintain the confidentiality of any materials and information provided to

24   them in connection with being a mock juror; and

25                (j)    Professional Vendors, but only to the extent necessary for

26   the particular litigation support services being rendered for this action and in

27   accordance with the vendor's ordinary operating procedure.

28

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL
MATERIALS

7.3.   Disclosure of "ATTORNEYS' EYES ONLY" Information or

Items.  With the exception of the License Agreement dated May 29, 2001 between

Shapiro and Mattel, Inc. for Cloud 9 Girls ("Mattel Cloud 9 Girls License"), unless

otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "ATTORNEYS'

EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of record in this

action (Lisa Borodkin, Attorney at Law and King Holmes Paterno & Berliner LLP

for plaintiff and Holland & Knight, LLP for defendant), and independent

contractors and employees of said Outside Counsel to whom it is reasonably

necessary to disclose the information for this litigation;

(b)   Experts (as defined in this Order) to whom disclosure is

reasonably necessary for this litigation and who have signed the "Agreement to Be

Bound by Protective Order" (Exhibit A);

(c)   the Court and its personnel;

(d)   court reporters, their staffs, and other persons involved in

recording or transcribing hearings, trial testimony, or deposition testimony in this

action;

(e)   any person who authored and/or was an identified

original recipient of the particular "ATTORNEYS' EYES ONLY" sought to be

disclosed to that person, or any deponent when the examining attorney has a good

faith basis to believe the deponent is the author and/or was an identified original

recipient of the particular "ATTORNEYS' EYES ONLY" sought to be disclosed

to that deponent;

(f)   two In-House Counsel, identified in Exhibit B to this

Order, and their support staff (secretary, paralegals, and clerical staff).

1          (g)    Professional Vendors, but only to the extent necessary for

2  the particular litigation support services being rendered for this action and in

3  accordance with the vendor's ordinary operating procedure;

4          (h)    jury or trial consultants retained by a Party in this action,

5  providing that any such consultant is not an employee of a Party nor anticipated to

6  become an employee in the near future; and

7          (i)    mock jurors engaged by the Parties and/or their

8  consultants in preparation for trial, provided that (i) no Party will use any mock

9  juror who knows any person employed or affiliated with either Party to this action;

10  and (ii) mock jurors will not be allowed to retain any tangible materials that

11  contain or disclose any Protected Material, and (iii) mock jurors first agree in

12  writing to maintain the confidentiality of any materials and information provided to

13  them in connection with being a mock juror.

14      Nothing herein, however, is intended to prohibit or proscribe the ability of

15  Outside Counsel to provide to its client informed and meaningful advice, or to

16  prevent Counsel from aggregating and generally summarizing Counsel's

17  interpretation of the implications of such information as it relates to the litigation,

18  so long as it will not reveal or disclose the specific contents of any document or

19  information designated as "ATTORNEYS' EYES ONLY".

20      Notwithstanding anything herein to the contrary, the parties hereby stipulate

21  and agree that, notwithstanding a designation of "ATTORNEYS' EYES ONLY,"

22  the Mattel Cloud 9 Girls License shall be disclosed solely to the Receiving Party's

23  Outside Counsel of record in this action, as well as employees and consultants of

24  said Outside Counsel to whom it is reasonably necessary to disclose the

25  information for this litigation, and those persons in Paragraph 7.3(b)-(e) and

26  Paragraph 7.3(g)-(i) above (*i.e.*, the Mattel Cloud 9 Girls License shall not be

27  disclosed to Hasbro's In-House Counsel or their support staff).

28

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL
MATERIALS

## 8.   **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**

If it becomes necessary for a Receiving Party's Outside Counsel to seek the assistance of any person, other than those persons referred to in Paragraph 7, and to disclose Protected Material to such person to properly prepare this litigation for trial, the following procedures shall be employed:

(a)   Outside Counsel of the Receiving Party shall notify, in writing, Outside Counsel for the Producing Party, stating therein the specific Protected Material to be disclosed and the name, address and position of the person(s) to whom such disclosure is to be made;

(b)   If no objection to such disclosure is made by Outside Counsel for the Producing Party within ten (10) business days of such notification, Outside Counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that Outside Counsel for the Receiving Party shall serve upon Outside Counsel for the Producing Party, prior to disclosure, an Acknowledgment and Agreement to be Bound in the form shown in Exhibit A, whereby such person agrees to comply with and be bound by this Order.  The acknowledgment shall be retained by Outside Counsel for the Receiving Party, with a copy forwarded to the other side, distributed upon final disposition of this action as set forth in Paragraph 4;

(c)   If, within ten (10) business days, Outside Counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon a regularly noticed motion brought by the Receiving Party. Before filing such a motion, Outside Counsel for the Receiving Party shall meet and confer with Outside Counsel for the Producing Party in a good faith effort to resolve their differences.

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS

9.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation or Court proceedings that require disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party shall notify the Designating Party, in writing promptly and in no event more than four (4) court days after receiving the subpoena or order but before the scheduled date for production. Such notification shall include a copy of the subpoena or court order.

The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If Protected Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such Protected Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Protected

16

1   Material, and to bind such person to the terms of this Order. In such event, the

2   Receiving Party shall also (a) promptly inform such person of all the provisions of

3   this Order; (b) identify such person immediately to the Producing Party; and (c)

4   request such person to execute the "Acknowledgment and Agreement to be

5   Bound" in the form shown in Exhibit A.

6       11.   **UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT**

7             **OR WORK PRODUCT MATERIAL**

8       If a Producing Party through inadvertence produces or provides discovery

9   that it believes is subject to a claim of attorney-client privilege or work-product

10   immunity, such action shall not constitute a waiver of the attorney-client privilege

11   and/or work product immunity. The Producing Party may give written notice to

12   the Receiving Party that the document is subject to a claim of attorney-client

13   privilege or work product immunity and request that the document be returned to

14   the Producing Party. Upon receiving written notice, the Receiving Party shall

15   return to the Designating Party all copies of such document and shall return or

16   destroy all excerpts thereof within three (3) business days of receiving such written

17   notice. The Producing Party shall be obligated to keep in a sealed envelope or

18   similar sealed container, all inadvertently produced discovery returned by the

19   Receiving Party that it believes is subject to a claim of attorney-client privilege or

20   work-product immunity until the end of this action, including all appeals. Return

21   of the document by the Receiving Party shall not constitute an admission or

22   concession, or permit any inference, that the returned document is, in fact, properly

23   subject to a claim of attorney-client privilege or work product immunity, nor shall

24   it foreclose the Receiving Party from moving for an order that such document has

25   been improperly designated as subject to a claim of attorney-client privilege or

26   work product immunity or should be produced for reasons other than a waiver

27   caused merely by the inadvertent production. The Receiving Party shall be entitled

28   to prepare a record for its own use containing the date, the author, address(es), and

1  topic of the document and other such information as is reasonably necessary to
2  identify the document and describe its nature to the Court in any motion to compel
3  production of the document.  Such a record of the identity and nature of a
4  document may not be used for any purposes other than preparing a motion to
5  compel production of that document in this action.  After the return of the
6  document(s), the Receiving Party may challenge the Producing Party's claim(s) of
7  privilege or work-product by making a motion to the Court.  Unless previously
8  waived, the inadvertent disclosure of any privileged or immune documents shall
9  not be deemed a waiver of that privilege or immunity as to any other documents,
10  testimony, or evidence.

11      12.   **FILING PROTECTED MATERIAL**
12

13      The Local Rules and applicable Judge's Procedures will govern the filing of
14  Protected Material.
15      In the event that Counsel for any Party decides to file with or submit to the
16  Court any Protected Material designated by a different Party, Counsel for the filing
17  party (the "filing Party") shall provide written notice to Counsel for the
18  Designating Party as soon as practicable and follow the procedures herein.  The
19  filing Party shall request that the Protected Materials be filed under seal by way of
20  a written Application to Seal, with a proposed order and a supporting
21  memorandum as required by the Local Rules and the Judge's Procedures.
22  Recognizing that the Designating Party is in the best position to show good cause
23  for the sealing of its own Protected Materials, the filing Party shall, in its
24  supporting memorandum, refer to this provision of the Protective Order and notify
25  the Court that the Designating Party may file "good cause" evidence in support of
26  the Application to Seal within three (3) court days.  Accordingly, the Designating
27  Party may, within three (3) court days, file "good cause" evidence in support of the
28  Application to Seal.  Pending a decision on the Designating Party's showing of

18

good cause to seal (if such a showing is offered), the filing Party shall lodge the Protected Materials under seal, in accordance with the Local Rules and the applicable Judge's Procedures.

## 13.   MISCELLANEOUS

13.1.   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2.   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3.   Effect of Designation on Authenticity and Admissibility.  The placing of any confidentiality designation or a production identification label on the face of any document shall not affect the document's authenticity or admissibility in this action.

13.4.   Continuing Jurisdiction.  All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulated Protective Order.

13.5.   Counsel's Right to Provide Advice.  Nothing in this Order shall bar or otherwise restrict Counsel herein from rendering advice to the Counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, Counsel shall not disclose any Protected Material, nor the source of any Protected Material, to

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS

1    anyone not authorized to receive such Protected Material pursuant to the terms of

2    this Order.

3         13.6. <u>No Contract</u>. To the extent that the Parties have agreed on the

4    terms of this Order, such stipulation is for the Court's consideration and approval

5    as an Order. The Parties' stipulation shall not be construed to create a contract

6    between the Parties or between the Parties and their respective Counsel.

7         13.7. <u>Effective Date</u>. This Order shall be effective on the date of its

8    execution by Counsel for the Parties after which the Parties may produce

9    documents and information and designate the material as either

10   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such material shall be

11   treated in accordance with this Order by the Parties upon its execution. In the

12   event that the Court enters a Protective Order other than this stipulated and

13   proposed Order, the Parties shall comply with the terms of this Order until it is

14   superseded by any Protective Order or ruling by the Court.

15

16   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17

18

19   Dated:  June 25, 2015          LISA BORODKIN, ATTORNEY AT LAW

20                                   By: /s/ Lisa J. Borodkin
21                                   Lisa J. Borodkin

22                                   KING, HOLMES, PATERNO & BERLINER LLP

23                                   *Attorneys for Plaintiff Elinor Shapiro*
24

25   Dated:  June 25, 2015          HOLLAND & KNIGHT LLP

26
27                                   By: /s/ Joshua C. Krumholz
                                     Joshua C. Krumholz (*Pro Hac Vice*)
28                                   Courtney L. Batliner (*Pro Hac Vice*)

                                           20

10 St. James Ave.
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850
joshua.krumholz@hklaw.com
courtney.batliner@hklaw.com

Vito A. Costanzo (SBN 132854)
Stacey H. Wang (SBN 245195)
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450
vito.costanzo@hklaw.com
stacey.wang@hklaw.com

*Attorneys for Defendant Hasbro, Inc.*

## ORDER

IT IS SO ORDERED.

Date: 6 . 2 6 , 2015

_____
Hon. Andrew J. Wistrich
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL
MATERIALS

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____

[print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Elinor Shapiro v. Hasbro, Inc.*, Case No. 2:15-cv-2964-BRO-AJW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EXHIBIT B**

Subject to Paragraph 7.3(f), the Parties designate the following In-House Counsel:

|  | Access to "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" |
|---|---|
| Shapiro Counsel |  |
| Hasbro Counsel | Jaime LaPorte<br>Tarrant Sibley |

#35963703_v2

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS