VITO A. COSTANZO (SBN 132754)
STACEY H. WANG (SBN 245195)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Tel: 213.896.2400
Fax:  213.896.2450
vito.costanzo@hklaw.com
stacey.wang@hklaw.com

JOSHUA C. KRUMHOLZ (Admitted *Pro Hac Vice*)
COURTNEY L. BATLINER (Admitted *Pro Hac Vice*)
HOLLAND & KNIGHT LLP
10 Saint James Avenue
Boston, Massachusetts 02116
Tel: 617.523.2700
Fax: 617.523.6850
joshua.krumholz@hklaw.com
courtney.batliner@hklaw.com

*Attorneys for Defendant, HASBRO, INC.*

Holland & Knight LLP
400 South Hope Street, 8ᵗʰ Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELINOR SHAPIRO,<br><br>            Plaintiff,<br><br>      vs.<br><br>HASBRO, INC.,<br><br>            Defendant. | CASE  2:15-cv-02964-BRO-AJW<br><br>Hon. Beverly Reid O'Connell<br><br>**ANSWER OF DEFENDANT HASBRO, INC. TO PLAINTIFF ELINOR SHAPIRO'S FIRST AMENDED COMPLAINT AND JURY DEMAND**<br><br>Initial Complaint: 04/21/2015<br>First Amended Complaint: 11/04/2015 |

Defendant Hasbro, Inc. ("Hasbro") hereby answers the First Amended Complaint of Plaintiff Elinor Shapiro ("Plaintiff" or "Shapiro") and asserts its Affirmative Defenses.  For convenience, Hasbro repeats the headings employed by Plaintiff.  Hasbro, however, expressly does not admit or concede any allegation in the First Amended Complaint by so doing.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

## THE NATURE OF THIS ACTION

1.     Hasbro admits that it provided to Shapiro, and that Shapiro signed, a copy of the so-called AHC.  Hasbro denies that it "solicited" Shapiro's work.  Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1.

2.     Hasbro admits that it sent Shapiro, among others, a November 2, 2012 email containing the quoted language.  In all other respects, Hasbro denies the allegations set forth in paragraph 2.

3.     Hasbro admits that Shapiro presented a so-called Wishables toy concept in a meeting with Hasbro on April 25, 2013 that was held in or around Santa Monica, California as part of Hasbro's West Coast Inventor Tour, and that Shapiro thereafter submitted related materials to Hasbro's headquarters in Pawtucket, Rhode Island.  Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3.

4.     Hasbro admits that the image below at right (in the Complaint) appears to be an image of one of Hasbro's My Little Pony® ("MLP") Cutie Mark Magic Water Cuties products, and that the image beside it appears to be of one of the prototypes that Shapiro submitted to Hasbro.  Hasbro denies the remaining allegations set forth in paragraph 4.

5.     Hasbro admits that the image below at left (in the Complaint) appears to be an image of one of Hasbro's MLP Cutie Mark Magic Water Cuties toys, and that the image beside it appears to be of one of the prototypes that Shapiro submitted to Hasbro.  Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5.

6.     Hasbro denies the allegations set forth in paragraph 6.

## JURISDICTION AND VENUE

7.     The allegations set forth in this paragraph are legal in nature and, as such, no response is required from Hasbro.  To the extent a response is deemed

2

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

necessary, Hasbro admits that it is headquartered in Rhode Island and that the Complaint purports to set forth a claim arising under the provisions of the Copyright Act of the United States.  Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship.  In all other respects, Hasbro denies the allegations set forth in paragraph 7.

8.     The allegations set forth in paragraph 8 are legal in nature and, as such, no response is required from Hasbro.  To the extent a response is deemed necessary, Hasbro denies the allegations set forth in paragraph 8.

## THE PARTIES

9.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.     To the extent the allegations set forth in paragraph 10 are legal in nature, no response is required from Hasbro.  To the extent a response is necessary, Hasbro admits that it is a Rhode Island corporation with a principal place of business at 1027 Newport Avenue, Pawtucket, RI 02861, and that Hasbro has a registered agent for service of process in California at 818 West Seventh Street, 2nd Floor, Los Angeles California 90071.

11.     Hasbro admits that its headquarters and a number of its executive and administrative personnel are in the State of Rhode Island.  Hasbro denies the remaining allegations set forth in paragraph 11.

12.     The allegations set forth in paragraph 12 are legal in nature and, as such, do not require a response.  To the extent a response is deemed necessary, Hasbro admits that it regularly transacts or has transacted business within the Central District of California.  Hasbro denies the remaining allegations set forth in paragraph 12.

13.     Hasbro admits that it conducts business with the entities named in paragraph 13, and that it maintains a business unit in Burbank, California.  Hasbro denies the remaining allegations set forth in paragraph 13.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

14. The allegations set forth in paragraph 12 are legal in nature and, as such, do not require a response. To the extent a response is deemed necessary, Hasbro admits that Hasbro first saw Plaintiff's Wishables presentation in or around Los Angeles, California. In all other respects, Hasbro denies the allegations set forth in paragraph 14.

## **FACTS COMMON TO ALL CLAIMS**

15. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

26.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

**PLAINTIFF'S WORKS**

31.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32.     The allegations set forth in this paragraph are internally referential and, as such, do not require a response from Hasbro.  However, Hasbro denies the allegation that the elements of the so-called Wishables Submission set forth in paragraph 32 are or were "original."

33.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33, but admits that the image at left below (in the Complaint) appears to be an image of a Hasbro Littlest Pet Shop® ("LPS") product.

34.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35.     Hasbro denies the allegations set forth in paragraph 35.

36.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

5

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

38.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40.     Hasbro denies that Shapiro's kit-bash sculpture of a Hasbro LPS product showed how to "extend the character's personality and narrative into a 'new way to play' using a 'low cost invention' and one of the 'newest and hottest girls trends.'" Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 40.

## THE PARTIES' COURSE OF DEALING

41.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41.

42.     Hasbro denies the allegations set forth in paragraph 42.

43.     Hasbro denies the allegations set forth in paragraph 43.

44.     Hasbro admits the allegations set forth in paragraph 44, except that Hasbro denies that Wayne Luther held the title of Senior Director of Global Acquisitions and Director of Inventor Relations.

45.     Hasbro admits that the email contained the quoted language but denies that paragraph 45 completely or accurately characterizes the email.

46.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

47.     Hasbro admits the allegations set forth in paragraph 47.

48.     Hasbro admits that, on April 15, 2013, Hasbro received a copy of the AHC containing what appears to be Shapiro's signature.  Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48.

49.     Hasbro admits that Shapiro met with Hasbro personnel in or around Santa Monica, California on April 25, 2013; that Hasbro's records reflect that Mike

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Gray, Wayne Luther and Dougal Grimes were present at that meeting; and that Shapiro presented and/or submitted certain toy concepts, including the Wishables concept at that meeting. Hasbro denies the remaining allegations set forth in paragraph 49.

50. Hasbro denies that it "would have been customary in the custom and practice of the toy industry" for Hasbro to disclose to Shapiro that Hasbro had, in development, projects with "any overlap" with the Wishables Submission. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 50.

51. Hasbro admits that Hasbro expressed a willingness to accept materials for consideration within Hasbro. In all other respects, Hasbro denies the allegations set forth in paragraph 51.

52. Hasbro denies that the Wishables Submission was uploaded on May 1, 2013. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 52.

53. Hasbro admits that it first received information regarding the Wishables concept on April 25, 2013 and that it later received certain additional materials. Hasbro is without knowledge or information sufficient to form a belief as to the truth of whether any other party had "possession of sculptures in the Wishables Submission." In all other respects, Hasbro denies the allegations set forth in paragraph 53.

54. Hasbro admits the allegations set forth in paragraph 54.

55. Hasbro denies the allegations set forth in paragraph 55.

56. Hasbro denies the allegations set forth in paragraph 56.

## HASBRO [ALLEGEDLY] USES SHAPIRO'S INFORMATION IN MY LITTLE PONY [PRODUCTS]

57. Hasbro admits that it released, after April 25, 2014, certain products under MLP brand with or containing the names MLP Cutie Mark Water Cuties and

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

MLP Rainbow Shimmer. In all other respects, Hasbro denies the allegations set forth in paragraph 57.

58. Hasbro admits that it has sold the accused products to retailers including Walmart, Toys 'R' Us, Kmart and Amazon.com. In all other respects, Hasbro denies the allegations set forth in paragraph 58.

59. Hasbro denies the allegations set forth in paragraph 59.

60. Hasbro denies the allegations set forth in paragraph 60.

61. Hasbro admits the allegations set forth in paragraph 61.

62. Hasbro admits that, prior to the accused products, Hasbro had never commercially released a toy line "that were animal-shaped, transparent, liquid-filled receptacles in which glitter in distinct, symbolic shapes [associated with the character's identity] floated, and which could easily be described by reference to 'snow globes.'" In all other respects, Hasbro denies the allegations set forth in paragraph 62. In particular, Hasbro denies any implication that the accused products "could easily be described by reference to 'snow globes'" and further denies that Hasbro uses the term "snow globes" to refer to the accused products.

63. Hasbro admits the allegations set forth in paragraph 63 but denies any implication that Cutie Mark symbols appeared *only* "on the surface of" MLP-brand ponies.

64. Hasbro admits that, prior to the accused products, Hasbro had never commercially released an MLP-brand product repeating the Cutie Mark symbols "as symbol-shaped glitter floating in liquid inside" the body of a pony. In all other respects, Hasbro denies the allegations set forth in paragraph 64.

65. Hasbro denies the allegations set forth in paragraph 65.

66. Hasbro is without knowledge or information sufficient to form a belief as to the truth of whether, prior to the time that it received the Wishables Submission, "no toy company had ever commercially released a line of dolls in which the entire

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

8
DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

body of the doll was an animal-shaped receptacle in which symbolic shaped glitter floated." In all other respects, Hasbro denies the allegations set forth in paragraph 66.

67.   Hasbro denies the allegations set forth in paragraph 67.

68.   Hasbro denies the allegations set forth in paragraph 68.

## **FIRST CAUSE OF ACTION**

### **(Breach of Express Written Contract)**

69.   Hasbro restates its responses to paragraphs 1 through 68, as if fully set forth herein.

70.   To the extent the allegations set forth in this paragraph are legal in nature, no response is required from Hasbro. To the extent a response is required, Hasbro admits that it provided Shapiro with an unexecuted copy of the AHC, and that it received a copy of the AHC bearing what appears to be Shapiro's signature, dated April 9, 2013. In all other respects, Hasbro denies the allegations set forth in paragraph 70.

71.   Hasbro admits that it received information from Shapiro. Hasbro denies the remaining allegations set forth in paragraph 71.

72.   Hasbro admits that Shapiro provided certain information and materials to Hasbro in 2013, including a Wishables Submission. In all other respects, Hasbro denies the allegations set forth in paragraph 72.

73.   Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73.

74.   Hasbro denies the allegations set forth in paragraph 74.

75.   Hasbro admits that it has not paid Shapiro in connection with the accused products but denies that any payment is due or owing. Hasbro is without knowledge or information sufficient to form a belief regarding Shapiro's livelihood. In all other respects, Hasbro denies the allegations set forth in paragraph 75.

76.   Hasbro denies the allegations set forth in paragraph 76.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**SECOND CAUSE OF ACTION**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

77.     Hasbro restates its responses to paragraphs 1 through 76, as if fully set forth herein.

78.     To the extent the allegations set forth in this paragraph are legal in nature, no response is required from Hasbro.  To the extent a response is required, Hasbro admits that it provided Shapiro with an unexecuted copy of the AHC, and that it received a copy of the AHC bearing what appears to be Shapiro's signature, dated April 9, 2013.  In all other respects, Hasbro denies the allegations set forth in paragraph 78.

79.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79.

80.     Hasbro denies the allegations set forth in paragraph 80.

81.     Hasbro denies the allegations set forth in paragraph 81.

82.     Hasbro denies the allegations set forth in paragraph 82.

**THIRD CAUSE OF ACTION**

**(Misappropriation of Trade Secrets in Violation of California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.*)**

83.     Hasbro restates its responses to paragraphs 1 through 82, as if fully set forth herein.

84.     Hasbro denies the allegations set forth in paragraph 84.

85.     Hasbro denies the allegations set forth in paragraph 85.

86.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of whether, at the time Hasbro received the Wishables Submission, a "commercially released toy had ever taken the form of an animal-shaped snow globe filled entirely with shaped glitter floating in liquid."  In all other respects, Hasbro denies the allegations set forth in paragraph 86.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

87.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of whether, at the time Hasbro received the Wishables Submission, a "commercially released toy had ever been marketed with express reference to being like 'snow globes.'"  In all other respects, Hasbro denies the allegations set forth in paragraph 87.

88.     Hasbro denies the allegations set forth in paragraph 88.

89.     Hasbro denies the allegations set forth in paragraph 89.

90.     Hasbro denies the allegations set forth in paragraph 90.

91.     Hasbro denies the allegations set forth in paragraph 91.

92.     Hasbro denies the allegations set forth in paragraph 92.

93.     Hasbro denies the allegations set forth in paragraph 93.

94.     Hasbro denies the allegations set forth in paragraph 94.

95.     Hasbro denies the allegations set forth in paragraph 95.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, unclean hands, abandonment and/or release.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Hasbro had an express or implied license to copy and/or use the materials as alleged in the Complaint.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

### SIXTH AFFIRMATIVE DEFENSE

The subject matter claimed by the Plaintiff is not protectable as a trade secret and/or is no longer entitled to such protection.

### SEVENTH AFFIRMATIVE DEFENSE

The accused products were independently created by Hasbro and not copied from Plaintiff's work.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Hasbro made any use of the alleged trade secrets and/or any information obtained from the Wishables Submission, such use was *de minimus*.

### NINTH AFFIRMATIVE DEFENSE

Hasbro reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

### PRAYERS FOR RELIEF

WHEREFORE, Hasbro respectfully requests that this Court:

(a) enter judgment in its favor and against Plaintiff, dismissing with prejudice all prayers for relief requested in the Complaint;

(b) award Hasbro the costs of these proceedings, with interest and reasonable attorneys' fees; and

(c) grant Hasbro such other relief as the Court may deem just and proper.

### JURY DEMAND

Hasbro demands a trial by jury on all issues so triable.

//

//

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Dated:  November 17, 2015          Respectfully submitted,


                                   HASBRO, INC.


                                   By:    /s/ Joshua C. Krumholz
                                          Joshua C. Krumholz

                                   Joshua C. Krumholz (Admitted *Pro Hac Vice*)
                                   Courtney L. Batliner (Admitted *Pro Hac Vice*)
                                   HOLLAND & KNIGHT LLP
                                   10 Saint James Avenue
                                   Boston, Massachusetts 02116
                                   Tel: 617.523.2700
                                   Fax: 617.523.6850
                                   joshua.krumholz@hklaw.com
                                   courtney.batliner@hklaw.com

                                   Vito A. Costanzo (SBN 132754)
                                   Stacey H. Wang (SBN 245195)
                                   HOLLAND & KNIGHT LLP
                                   400 South Hope Street, 8th Floor
                                   Los Angeles, California  90071
                                   Tel: 213.896.2400
                                   Fax:  213.896.2450
                                   vito.costanzo@hklaw.com
                                   stacey.wang@hklaw.com

                                   *Attorneys for Defendant, HASBRO, INC.*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

13
DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 South Hope Street, 8th Floor, Los Angeles, CA 90071.

On November 17, 2015, I served the document(s) described as: **ANSWER OF DEFENDANT HASBRO, INC. TO PLAINTIFF ELINOR SHAPIRO'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

☒  **(BY Electronic Transfer to the CM/ECF System)**  In accordance with Federal Rules of Civil Procedure 5(d)(3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format, of the above-listed documents to the United States District Court Central District of California's Case Management and Electronic Case Filing (CM/ECF) system on this date.  It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system.

☐  **E-MAIL:**  Based on an agreement of the parties to accept service by e-mail, I caused the document(s) to be sent to the person(s) at the e-mail address(es) indicated below.

Lisa Borodkin
Attorney at law
LISA@LISABORODKIN.COM
2009 Clark Lane B
Redondo Beach, California 90278

Howard King
KING, HOLMES, PATERNO & SORIANO, LLP
HKING@KHPSLAW.COM
1900 Ave. of the Stars, 25th Fl.
Los Angeles, CA 90067-4506

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on November 17, 2015, Los Angeles, California.

/s/ Stacey H. Wang
Stacey H. Wang

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

1
PROOF OF SERVICE