1  LISA BORODKIN, ATTORNEY AT LAW
   LISA J. BORODKIN, ESQ., STATE BAR NO. 196412
2  LISA@LISABORODKIN.COM
   DAMION D. D. ROBINSON, ESQ., STATE BAR NO. 262573
3  DAMION@LISABORODKIN.COM
   2009 CLARK LANE B
4  REDONDO BEACH, CALIFORNIA 90278
   TELEPHONE: (323) 337-7933

5  KING, HOLMES, PATERNO & SORIANO, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
6  KING@KHPSLAW.COM
   1900 AVENUE OF THE STARS, 25TH FLOOR
7  LOS ANGELES, CALIFORNIA 90067-4506
   TELEPHONE: (310) 282-8989
8  FACSIMILE:  (310) 282-8903

9  Attorneys for Plaintiff
   ELINOR SHAPIRO
10

11              UNITED STATES DISTRICT COURT

12      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

| 14 | ELINOR SHAPIRO, | CASE NO. 2:15-cv-02964-BRO-AJW |
|----|----------------|-------------------------------|
| 15 | Plaintiff, | Hon. Beverly Reid O'Connell |
| 16 | vs. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** |
| 17 | HASBRO INC., | **ON HASBRO'S AFFIRMATIVE DEFENSES [FED. R. CIV. PROC. 12(C)]; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 18 | Defendant. | |
| 19 | | |
| 20 | | **[PROPOSED ORDER]** |
| 21 | | Date: June 25, 2016 |
| 22 | | Time: 1:30 p.m Courtroom: 12 – Spring Street |
| 23 | | Discovery Cutoff: July 18, 2016 |
| 24 | | Pretrial Conference: August 29, 2016 Trial Date: September 27, 2016 |

25

26

27

28

TO THE ABOVE-ENTITLED COURT AND TO THE DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at 1:30 p.m. on July 25, 2015, or as soon thereafter as the matter may be heard in Courtroom 14 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012 before the Honorable Beverly Reid O'Connell, Plaintiff Elinor Shapiro ("Shapiro") will and hereby does move for partial judgment on pleadings on the following defenses Defendant Hasbro, Inc. ("Hasbro") under Federal Rule of Civil Procedure 12(c):

1.    First Affirmative Defense.  Judgment for Shapiro on the grounds that "failure to state a claim upon which relief can be granted" is not an affirmative defense, and that Shapiro has satisfied her pleading burden under Federal Rule of Civil Procedure 8(a)(2).

2.    Second Affirmative Defense.  Judgment for Shapiro on the grounds that Hasbro's Answer admits that Shapiro filed her complaint within the shortest applicable statute of limitations period.

3.    Third Affirmative Defense.  Judgment for Shapiro on the grounds that Hasbro's Answer admits that Shapiro did not engage in "waiver, estoppel, laches, unclean hands, abandonment and/or release."

4.    Fourth Affirmative Defense.  Judgment for Shapiro on the grounds that Hasbro's Answer admits that Shapiro did not fail to mitigate her damages.

5.    Fifth Affirmative Defense.  Judgment for Shapiro on the grounds that Hasbro's Answer admits that Shapiro gave no express or implied license.

6.    Sixth Affirmative Defense.  Judgment for Shapiro on the grounds that the contention that Shapiro does not have a protectable trade secret is a denial and not an affirmative defense.

7.    Seventh Affirmative Defense.  Judgment for Shapiro on the grounds that Hasbro's Seventh Affirmative Defense that "The accused products were

1   independently created by Hasbro and not copied from Plaintiff's work" is not an

2   affirmative defense to a claim under the California Uniform Trade Secrets Act,

3   California Civil Code § 3426.1 ("CUTSA"), because "use" of trade secret

4   information in accelerating a defendant's development of products is also

5   misappropriation and breach of contract, and the defense as pleaded lacks essential

6   allegations that would fairly put Shapiro on notice of the nature of the claim.

7   Shapiro is entitled to judgment as a matter of law on this defense.

8        8.    Eighth Affirmative Defense.  Judgment for Shapiro on the grounds that

9   the "*de minimis* exception" is a doctrine of copyright law that is not applicable to

10   claims for breach of contract, breach of the implied covenant, or trade secret

11   misappropriation, as a matter of law.

12        9.    Ninth Affirmative Defense.  Judgment for Shapiro on the grounds that

13   a "reservation of rights" to assert additional defenses is not a defense, and that

14   Hasbro must seek leave of the Court to so after the deadline for amending its

15   Answer has passed.

16        The foregoing motion is made on the grounds that the allegations and

17   admissions establish that Plaintiff is entitled to judgment on the affirmative defenses

18   set forth above as a matter of law.  *See* Fed. R. Civ. Proc. 12(c).

19        This motion is based on this Notice of Motion and Motion, the accompanying

20   Memorandum of Points and Authorities, the Supplemental Declaration of Elinor

21   Shapiro with Exhibits 10 and 12 previously filed under seal with leave of the Court,

22   the Proposed Order, the records and files herein, and such other matters as the Court

23   may consider.

24        This motion is made following the in-person conference of counsel on June

25   15, 2016 pursuant to Local Civil Rule 7-3.

26

27

28

DATED:      June 27, 2016

Respectfully submitted,

LISA BORODKIN ATTORNEY AT LAW
   Lisa J. Borodkin
   Damion D. D. Robinson

_/s/ Lisa J. Borodkin_
                LISA J. BORODKIN

KING HOLMES PATERNO & SORIANO LLP

Attorneys for Plaintiff ELINOR SHAPIRO

LISA BORODKIN
ATTORNEY AT
LAW

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Defendant Hasbro, Inc. ("Hasbro") has asserted nine affirmative defenses in its effort to overcomplicate this litigation.  This Court can easily streamline and narrow the issues without delaying the trial by granting judgment on the pleadings in favor of Shapiro on Hasbro's affirmative defenses.

Eight of the Hasbro's nine affirmative defenses have no merit whatsoever. Three of them are not even affirmative defenses. Two of them do not apply to trade secret or breach of contract claims. Three of them have no application to the facts of this case. Hasbro, of course, bears the burden of proof on each of these affirmative defenses—to the extent they are legally valid defenses at all—but has made no allegations to support them.

Hasbro's Seventh Affirmative Defense that it "independently created the Accused Products" is not an affirmative defense to Shapiro's claims for breach of misappropriation of trade secrets, because "use" supporting a claim for misappropriation can also include *accelerating a product the defendant was in the process of developing*:

> Such [wrongful] use could include developing an identical or substantially similar product or service or ***accelerating a product*** the defendant was in the process of developing.

4-15 Milgrim on Trade Secrets § 15.01 (2015) (emphasis added); see also Foster-Miller, Inc. v. Babcock & Wilcox Can., 210 F.3d 1, 12, 2000 U.S. App. LEXIS 5867, *31, 54 U.S.P.Q.2D (BNA) 1193, 1201, 54 Fed. R. Evid. Serv. (Callaghan) 453 (1st Cir. Mass. 2000)("the jury was not asked to find incorporation; it more broadly was asked . . . whether BWC "used" the information in violation of the agreement. . . . There was abundant evidence that BWC developed its hose far more quickly than otherwise would have been possible").

The pleadings disclose that the Agreement to Hold Confidential ("AHC") did

1  not merely restrict Hasbro from "creating products," but prohibited "commercial

2  use" of "information" received under the AHC. Shapiro alleged that Hasbro used

3  such "information," including information about timing, marketing, research,

4  consumer preferences, and other competitive intelligence, in developing the

5  Accused Toys. Hasbro's Seventh Affirmative Defense therefore does not preclude

6  liability even if all elements of Shapiro's claims are proven, because it does not

7  preclude Hasbro's liability for using Shapiro's information to accelerate products it

8  may have already been developing. It is therefore not an affirmative defense under

9  Federal Rule of Civil Procedure 8(c). *See* Zivkovic v. S. Cal. Edison Co., 302 F.3d

10  1080, 1088 (9th Cir. 2002). Hasbro's Seventh Affirmative Defense also lacks

11  essential factual allegations sufficient to put Shapiro on notice of the defense.

12      Accordingly, Shapiro respectfully requests judgment on the pleadings under

13  Federal Rule of Civil Procedure 12(c) on all of Hasbro's Affirmative Defenses.

14  **II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

15      **A.    Nature of the Action**

16      The following allegations are deemed admitted through Hasbro's Answer filed

17  November 17, 2015 [Doc. #105] and the contract referred to in the pleadings.[1]

18      On April 15, 2013, Shapiro signed and returned to Hasbro an Agreement to

19  Hold Confidential ("AHC"). (Answer of Hasbro, [Doc. #105], ¶¶1, 47-48.) The

20  AHC is governed by New York law. (Supplemental Declaration of Elinor Shapiro

21  ("Supp. Shapiro Dec."), Ex. 10 at 14.1) On April 25, 2013, Shapiro disclosed

22

23  [1] The Court "may consider documents [that] are not physically attached to the

24  complaint, they . . . if the documents' 'authenticity ... is not contested' and 'the

25  plaintiff's complaint necessarily relies' on them. *See* Diaz v. Stevenson, No. 15-15409, 2016 WL 1162141, at *1 (9th Cir. Mar. 24, 2016)*; Lee v. City of Los*

26  *Angeles,* 250 F.3d 668, 688 (9th Cir. 2001); *Rose v. Chase Manhattan Bank USA,*

27  396 F. Supp. 2d 1116, 1119 (C.D. Cal. 2005), *aff'd,* 513 F.3d 1032 (9th Cir.2008).

28

1  information to Hasbro under the AHC. (Answer, ¶¶ 3, 49.) On April 25, 2013,

2  Hasbro first received information from Shapiro about the Wishables. (*Id.*, ¶ 53.)

3  ### B.  Shapiro's First Amended Complaint

4  Shapiro commenced this action on April 21, 2015 by filing the Complaint.

5  [Doc. #1] Shapiro filed a First Amended Complaint. [Doc. #103] ("FAC"). Shapiro's

6  FAC alleges breach of contract (FAC, ¶¶ 69-76), breach of the implied covenant of

7  good faith and fair dealing (*id.*, ¶¶ 77-82), and misappropriation of trade secrets

8  under California Civil Code § 3426.1 (*id.*, ¶¶ 83-95). The FAC pleads breach of the

9  AHC and misappropriation of trade secret information by Hasbro's use of

10  information disclosed in Shapiro's in-person presentation, slideshow of competitive

11  toy information, and sculptures in certain My Little Pony Toys as of when the FAC

12  was filed. (FAC, ¶¶ 57-68 and *passim.*) However, the FAC also alleges, "this was

13  not the only confidential information that Hasbro took under the AHC." (FAC ¶ 6.)

14  ### C.  Hasbro's Answer and Affirmative Defenses

15  On November 17, 2015, Hasbro filed its Answer to Shapiro's First Amended

16  Complaint. [Doc. #105.] Hasbro alleges nine affirmative defenses: (1) failure to

17  state a claim, (2) statute of limitation, (3) waiver, estoppel, laches, unclean hands,

18  abandonment and/or release, (4) failure to mitigate, (5) express of implied license,

19  (6) subject matter not protectable as a trade secret, (7) "the accused products were

20  independently created by Hasbro and not copied from Plaintiff's work," (8) *de*

21  *minimus* use, and (9) reservation of defenses. (Answer, at 11-12.)

22  ## III.  LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS

23  ### A.  Legal Standard Under Rule 12(c)

24  Federal Rule of Civil Procedure 12(c) provides:

25  **(c) Motion for Judgment on the Pleadings.** After the pleadings are closed--
   but early enough not to delay trial--a party may move for judgment on the
26  pleadings.

27  Fed. R. Civ. P. 12(c).

28

1    On a motion under Rule 12(c) for judgment on the pleadings, the Court

2  inquires whether the pleading at issue contains "sufficient factual matter, accepted

3  as true, to state a claim of relief that is plausible on its face." *See Harris v. Cty. of*

4  *Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662,

5  678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). The Court inquires whether the

6  factual allegations, together with all reasonable inferences, state a plausible claim

7  for relief. See *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047,

8  1054 (9th Cir. 2011) (finding *Iqbal* applicable to Rule 12(c) judgment on the

9  pleadings); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).

10    Rule 12(c) motions provide a vehicle for summary adjudication on the merits,

11  after the pleadings are closed but before trial, which "may save the parties needless

12  and often considerable time and expense which otherwise would be incurred during

13  discovery and trial." See *Perez v. Wells Fargo & Co.* 75 F.Supp.3d 1184, 1187

14  (N.D. Cal. 2014); William Schwarzer et al, *Federal Civil Procedure Before Trial* ¶

15  9:316 (2016).

16    Since 2009, courts have been left to decide whether the heightened pleading

17  standards of *Twombly* and *Iqbal* apply to the pleading of affirmative defenses. See

18  *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d

19  1167, 1171 (N.D. Cal. 2010). While the Ninth Circuit has not ruled on this issue, the

20  vast majority of courts presented with the issue have extended *Twombly's*

21  heightened pleading standard to affirmative defenses. See *id.*

22    This Court need not decide whether the "plausibility" standard of *Iqbal* and

23  *Twombly* or the "fair notice" standard applies where Hasbro's affirmative defense

24  does not exist as a matter of law, or the pleadings manifestly show that the defense

25  is inapplicable. See *Kohler v. Big 5 Corp.*, No. 2:12-CV-00500-JHN, 2012 WL

26  1511748, at *2 (C.D. Cal. Apr. 30, 2012) (declining to extend the *Twombly/Iqbal*

27  pleading standards to affirmative defenses in that case but striking affirmative

28

1  defenses that were legally insufficient). Even in close cases, "[t]he key to

2  determining the sufficiency of pleading an affirmative defense is whether it gives

3  the plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank,* 607 F.2d 824,

4  827 (9th Cir.1979) (citations omitted). "Fair notice generally requires that the

5  defendant state the nature and grounds for the affirmative defense." See *Kohler v.*

6  *Islands Restaurants, LP,* No. 11–2260, 2012 WL 524086, at *2 (S.D.Cal. Feb.16,

7  2012) (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

8  **IV.    ARGUMENT.**

9      A federal district court sitting in diversity must use the choice-of-law rules of

10  its forum state to determine which state's substantive law to apply. See *Narayan v.*

11  *EGL, Inc.*, 616 F.3d 895, 898 (9th Cir. 2010); *Fields v. Legacy Health Sys.,* 413 F.3d

12  943, 950 (9th Cir. 2005). California, the forum state, ordinarily examines the scope

13  of a choice-of-law provision in a contract under the law designated in that contract.

14  See *Narayan*, 616 F.3d at 898 (citing *Wash. Mut. Bank, FA v. Super. Ct.,* 24 Cal.4th

15  906, 103 Cal.Rptr.2d 320, 15 P.3d 1071, 1078 n. 3 (2001)). In this case, that is New

16  York law. (Supp. Shapiro Decl., Ex. 10 at 14.1)("This Agreement shall be governed

17  by and construed in accordance with the State of New York, U.S.A., excluding its

18  choice of law rules.") Therefore New York substantive law applies to Shapiro's First

19  Cause of Action for breach of contract and Second Cause of Action for breach of the

20  implied covenant of good faith and fair dealing.

21      California substantive law applies to Shapiro's claim under the CUTSA. In the

22  absence of an effective choice-of-law agreement, California choice-of-law rules

23  permit a court to apply the decisional rules of its forum state "unless a party litigant

24  timely invokes the law of a foreign state." See *Washington Mut.,* 24 Cal.4th at 919,

25  103 Cal.Rptr.2d 320, 15 P.3d 1071, cited in *JMP Sec. LLP v. Altair*

26  *Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1037 (N.D. Cal. 2012). Hasbro has

27  actively participated in the briefing of issues throughout this case to date and on

28

LISA BORODKIN
ATTORNEY AT
LAW

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

1  appeal on Shapiro's Third Cause of Action under CUTSA. Therefore, Hasbro has

2  have acquiesced in the application of California law to the extra-contractual claims.

3  *See Hatfield v. Halifax PLC,* 564 F.3d 1177, 1184 (9th Cir. 2009); *JMP,* 880 F.

4  Supp. 2d at 1037.

5      **A.      Hasbro's Affirmative Defenses Fail.**

6      In this case, Hasbro has engaged in the common, but unfortunate, practice of

7  asserting every possible affirmative defense without considering whether they

8  actually apply in this case.  *See Vogel v. Huntington Oaks Del. P'ners, LLC,* 291

9  F.R.D. 438, 441 (C.D. Cal. 2013)(noting that applying heightened pleading standard

10 may "discour[age] the commonplace practice of asserting every possible affirmative

11 defense, even those that are entirely irrelevant to a plaintiff's claim.") (citation

12 omitted).  In the process, Hasbro included at least three that are not actually

13 affirmative defenses, two that are affirmative defenses, but not to the claims Shapiro

14 is pursuing, and four that have no application to the facts.

15      **1.      Failure to State a Claim Is Not an Affirmative Defense.**

16     Shapiro is entitled to judgment on the pleadings on Hasbro's First Affirmative

17 Defense for "failure to state a claim" because it is not an affirmative defense, but a

18 legal argument related to the pleadings. *See Cassirer v. Thyssen-Bornemisza*

19 *Collection Found.,* No. CV 05-03459 GAF EX, 2014 WL 5510996, at *3 (C.D. Cal.

20 Oct. 31, 2014); *Kohler v. Big 5 Corp.,* No. 2:12-CV-00500-JHN, 2012 WL

21 1511748, at *3 (C.D. Cal. Apr. 30, 2012); *Vogel,* 291 F.R.D. at 442 ("[F]ailure to

22 state a claim is not an affirmative defense; it is a defect in a plaintiff's claim and not

23 an additional set of facts that would bar recovery notwithstanding the plaintiff's

24 valid prima facie case."); *Barnes v. AT&T Pension Ben. Plan,* 718 F. Supp. 2d

25 1167, 1174 (N.D. Cal. 2010) (striking defense and collecting cases).

26     Further, Shapiro has satisfied the applicable standard of a "short and plain

27 statement of the claim showing that [she] is entitled to relief," and Hasbro never

28

moved to dismiss. *See* Fed. R. Civ. P. 8(a)(2), 12(b)(6).  Her First Amended Complaint includes claims for breach of contract, breach of the implied covenant, and misappropriation of trade secrets, all of which are based on the theory that Hasbro used Shapiro's toy information in violation of the AHC.  (Dkt. #103 ("FAC").)  Shapiro identifies the information at issue (FAC ¶¶ 35, 85, 90), that the AHC prohibited Hasbro from using this information without Shapiro's consent (*id.* ¶¶ 72-74), and explains how Hasbro used the information. (*id.* ¶¶ 57-68).  Hasbro is certainly on fair notice of the nature of Shapiro's claims and the grounds.  *See Bell Atl. Co. v. Twombly*, 550 U.S. 544, 555 (2007); *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

**2.    Hasbro's First Affirmative Defense Based on the Statute of Limitations Is Baseless.**

In California, the statute of limitation for a contract claim is four years. See Cal. Civ. Proc. Code § 337(1) (four years for breach of written contract); *W. Filter Corp. v. Argan, Inc.*, 540 F.3d 947, 951 (9th Cir. 2008). In New York, the statute of limitations for breach of contract is six years. See N.Y. C.P.L.R. § 213(2); *Gurvey v. Legend Films, Inc.*, 586 F. App'x 444, 445 (9th Cir. 2014)(six years for "an action upon a contractual obligation or liability, express or implied").

Although the AHC contains language at Paragraph 13 that purports to limit Hasbro's obligations of confidentiality to two years ("[t]he obligation of confidentiality imposed by this Agreement shall extend . . . for (2) years from the date of the initial disclosure of such information"), such contract language has been held by the Ninth Circuit ambiguous and ineffective to shorten the otherwise applicable statute of limitations under the governing state law. See *W. Filter Corp. v. Argan, Inc.*, 540 F.3d 947, 953 (9th Cir. 2008)(citing *Hurlbut v. Christiano,* 63 A.D.2d 1116, 1117, 405 N.Y.S.2d 871 (N.Y.App.Div.1978)) "California law does not favor contractual stipulations to limit a statute of limitation. Such a stipulation

must be clear and explicit, and is to be strictly construed against the party invoking the provision." *W. Filter Corp.*, 540 F.3d at 953 (reversing and remanding summary judgment based on contract provision that did not explicitly shorten time to sue).

The statute of limitations for breach of the implied covenant of good faith and fair dealing under a commercial contract alleging no other special relationship between the parties presents a contract claim subject to the four-year statute of limitation applicable to written contracts set forth in California Code of Civil Procedure § 337(1). See *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991) (following *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 700–01, 765 P.2d 373, 401, 254 Cal. Rptr. 211, 239–40 (1988)).

The statute of limitations for a claim for misappropriation of trade secret information under CUTSA is three years. See Cal. Civ. Code § 3426.6 (three years for trade secret misappropriation);

Hasbro admits in its Answer that it met with Shapiro on April 25, 2013, and received information from Shapiro under the AHC. Shapiro filed this action less than two years later on April 21, 2015. [Dkt. #1] There is no conceivable way that this suit was filed outside the applicable limitations period, and Shapiro is entitled to judgment on Hasbro's First Affirmative Defense.

**3.    Hasbro's Second Affirmative Defense for "Waiver, Estoppel, Laches, Unclean Hands, Abandonment, and Release Defense" Alleges Nothing to Give Fair Notice of the Claim.**

As stated, even if the heightened "plausibility" standard of Iqbal and Twombly does not apply to pleading affirmative defenses, "[f]air notice generally requires that the defendant state the nature and grounds for the affirmative defense." See *Kohler v. Islands Restaurants, LP,* No. 11–2260, 2012 WL 524086, at *2 (S.D.Cal. Feb.16, 2012) (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Hasbro has made no allegations that Shapiro did anything

1  remotely to suggest that her "claims are barred by the doctrines of waiver, estoppel,

2  laches, unclean hands, abandonment and/or release." Hasbro had nearly a year of

3  discovery to muster the slightest support for these claims and failed. Accordingly,

4  Shapiro is entitled to judgment on Hasbro's Second Affirmative Defense.

5  **4.    Hasbro's Failure to Mitigate Is Not Applicable in this Case.**

6  The general principle that "victims of legal wrong should make reasonable

7  efforts to avoid incurring further damage" is undisputed. See *Davies v. Krasna,* 14

8  Cal.3d 502, 515, 535 P.2d 1161, 1169, 121 Cal. Rptr. 705, 713 (1975);

9  *999 v. C.I.T. Corp.,* 776 F.2d 866, 871 (9th Cir. 1985). The question in this

10  case, like *999 v. C.I.T.Corp.*, is "whether the aggrieved party is required to mitigate

11  damages by accepting the very performance that constitutes the breach of contract"

12  or here, misappropriation of trade secrets. See *id.*, 776 F.2d at 871.

13  Under California law, once a defendant has breached a contract, the

14  mitigation doctrine requires a plaintiff to accede to new terms interposed by the

15  defendant only if the new terms are trivial or "inconsequential" in relation to the

16  amount of foreseeable damages the plaintiff would otherwise suffer from the breach.

17  *See id.*.  However, the doctrine holds only that plaintiff may not recover for

18  damages avoidable through ordinary care and reasonable exertion. See *Eastech*

19  *Elecs. v. E & S Int'l Enterprises, Inc.*, No. CV 07-3204ODW(EX), 2009 WL

20  322242, at *11 (C.D. Cal. Feb. 9, 2009) (failure to mitigate not applicable where

21  plaintiff consistently reserved right to recover cost of non-salvageable parts and

22  parts became obsolescent).

23  Hasbro has alleged nothing remotely giving notice of a failure to mitigate.

24  Hasbro alleges no replacement terms it offered Shapiro but a year's worth of

25  baseless, "Rambo " litigation to starve her into submission. By contrast, Shapiro

26  engaged in extraordinary efforts to mitigate her damages, including seeking an

27  injunction to maintain the *status quo* before Hasbro commercially released new lines

28

1  of products using information taken under the AHC. Accordingly, Shapiro is

2  entitled to judgment on Hasbro's Third Affirmative Defense for failure to mitigate.

3  **5.    Shapiro Has Not Given Hasbro a License.**

4  The basis of both express and implied license defenses is consent – *i.e.*,

5  the plaintiff's agreement, through words or conduct, to allow the defendant to use

6  the materials at issue.  *See* Cal. Civ. Code § 3426.1(b)(2) (defining misappropriation

7  as "disclosure or use of a trade secret of another *without express or implied*

8  *consent*") (emphasis added); *Asset Marketing Sys., Inc. v. Gagnon*, 542 F.3d 748,

9  754-55 (9th Cir. 2008); *Corbello v. DeVito*, 777 F.3d 1058, 1067 (9th Cir. 2015)

10  ("courts should focus primarily on 'the licensor's objective intent at the time of the

11  creation and delivery of the [material] as manifested by the parties' conduct.'")

12  (quoting *Gagnon*).

13  Hasbro's Sixth Affirmative Defense of a license fails. Hasbro alleges nothing

14  indicating that Shapiro consented to Hasbro using her trade secret information

15  without paying her.  While an implied license may arise from conduct, *see Gagnon*,

16  542 F.3d at 754-55, Hasbro alleges no conduct from which such consent could

17  possibly be implied.  Hasbro's admission that Shapiro required Hasbro to sign the

18  AHC shows exactly the opposite. Accordingly, Shapiro is entitled to judgment on

19  Hasbro's Fifth Affirmative Defense for an express or implied license.

20  **6.    Hasbro's Sixth Affirmative Defense that Shapiro's Trade**

21  **Secrets Are Not Trade Secrets or Are No Longer Protected Is**

22  **Not an Affirmative Defense.**

23  "A defense which demonstrates that the plaintiff has not met its burden of

24  proof as to an element plaintiff is required to prove is not an affirmative defense."

25  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "An affirmative

26  defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that

27  does not negate the elements of the plaintiff's claim, but instead precludes liability

28

LISA BORODKIN
ATTORNEY AT
LAW

even if all of the elements of the plaintiff's claim are proven." See *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 283 (N.D. Cal. 2015).

An element of Shapiro's cause of action for misappropriation of trade secret information is that her information is a "trade secret" under California Civil Code § 3426.1 ("CUTSA"). CUTSA defines "Misappropriation" in relevant part as follows:

> (b) "Misappropriation" means: [ ]
>
> (2) Disclosure or use of a **trade secret** of another without express or implied consent by a person who:
>
> (A) Used improper means to acquire knowledge of the trade secret; or
>
> (B) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was:[ ]
>
> (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
> (iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

Cal. Civ. Code § 3426.1 (emphasis added)

Hasbro's Sixth Affirmative Defense alleging that "[T]he subject matter claimed by the Plaintiff is not protectable as a trade secret and/or is no longer entitled to such protection" is not a "trade secret or is no longer entitled to protection" does not preclude liability even if all elements of Shapiro's claim for misappropriation of trade secrets is proven, it merely denied one of the elements of Shapiro's *prima facie* case. Accordingly, it is a mere denial, and not an affirmative defense. See *Zivkovic*, 302 F.3d at 1088 ; *Hernandez*, 306 F.R.D. at 283. Thus, Shapiro is entitled to judgment on Hasbro's Sixth Affirmative Defense.

**7.    The Assertion that Hasbro "Independently Created" the Accused Products Is Not an Affirmative Defense to Shapiro's**

### Breach of Contract or Trade Secrets Claim

Hasbro's Seventh Affirmative Defense of "independent creation of the Accused Products" is not a true affirmative defense, because it does not cover the whole range of competitive information Shapiro provided, and does not provide a defense to a claim that misappropriation includes use of information to *accelerate* development of a product, not just creation of a similar or identical product.

Under the CUTSA, "misappropriation" means:

(1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(2) Disclosure or use of a trade secret of another without express or implied consent by a person who:

(A) Used improper means to acquire knowledge of the trade secret; or

(B) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was:

(i) Derived from or through a person who had utilized improper means to acquire it;

**(ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use**; or

(iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

(C) Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Cal. Civ.Code Section 3426.1(b); *see Burroughs Payment Sys., Inc. v. Symco Grp., Inc.*, No. C-11-06268 JCS, 2012 WL 1670163, at *16 (N.D. Cal. May 14, 2012).

Trade secret law has always protected *any* "information" that has competitive value. Under CUTSA, a trade secret is defined as information that:

(1)    Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

LISA BORODKIN
ATTORNEY AT
LAW

12

(2)     Is the subject of efforts that are reasonable under the
circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d). CUTSA deinfes its subject matter by its value and

secrecy, not whether it is fixed in a tangible medium or is completely novel, such as

patent. See, *e.g.*, 1-1 Milgrim on Trade Secrets § 1.01 (2015) ("The definition of

trade secret is thus unlimited as to any particular class or kind of matter and may be

contrasted with matter eligible for patent or copyright protection, which must fall

into statutorily defined categories"); Altavion, Inc. v. Konica Minolta Systems

Laboratory, Inc., 226 Cal. App. 4th 26, 53, 171 Cal. Rptr. 3d 714, 2014 Cal. App.

LEXIS 409 (1st Dist. 2014) (quoting Milgrim § 1.01). There is no patent-like

"novelty" standard for a trade secret. See 1-1 Milgrim on Trade Secrets § 1.01

(2015).

Instead, in applying the UTSA, courts routinely consider six factors, each of

which § 737, comment b of the 1939 Restatement of Tort proposed when testing

whether matter qualifies as a trade secret:

（1) the extent to which information is known outside a trade secret claimant's
business and (2) by employees and others involved in the business, (3)
secrecy measures, (4) the value of the information to the claimant and his
competitors, (5) the effort or investment to develop the information and (6)
the ease or difficulty with which the information could be properly acquired
or duplicated by others.

1-1 Milgrim on Trade Secrets § 1.01 (2015)

"Independent creation" of a commercial product has <u>never</u> been held to

displace a trade secret owner's claims that the defendant used other information

recognized as trade secrets (such as marketing, strategy, customer preferences,

research, and compilations of such data) in the over 100-year body of trade secret

law, as long as the information has independent competitive value, was not

"generally known" in the relevant industry, and the trade secret owner used

reasonable measures to maintain its secrecy. See San Jose Const., Inc. v. S.B.C.C.,

Inc., 155 Cal. App. 4th 1528, 1539, 67 Cal. Rptr. 3d 54, 63 (2007) (reversing

summary judgment for defendant).

In San Jose, the California Court of Appeal held that the plaintiff could have a valid trade secret in a collection of information that allowed a construction company to win bids and complete projects faster than if a competitor had to compile all the information from scratch:

> According to SJC, the binders included "the project budgets and proposals to the owner, correspondence between the owner and architect, all the bids received from subcontractors (along with descriptions of the exclusions and inclusions reflected in the bid numbers), additional estimating documents, [and] Requests for Information ('RFI's') generated by subcontractors or Foust, with responses from the owner or architect, and special reports unique to the project."

*San Jose Const,*155 Cal. App. 4th at 1537, 67 Cal. Rptr. 3d at 62 (2007).

As the California Court of Appeal described it, "only SJC had the completed puzzle for each project, contained in the Project Binders.... No third party had it. The subcontractors each had a piece, and the owners had a piece, but no one except SJC had it all." *See id.*, 155 Cal. App. 4th at 1539, 67 Cal. Rptr. 3d at 63. The Court of Appeal also held that the information took time and money to compile and was thus a trade secret. *See id.*  Accordingly, when an employee left SJC and took the information to a competitor to win construction projects by already knowing the customers and contractor's preferences and prices, the trial court erred by granting summary judgment on the faulty logic that the customers and contractors might be ascertainable from public listings. *See id.*, 155 Cal. App. 4th at 1540, 67 Cal. Rptr. 3d at 64[2]  See also *ReadyLink Healthcare v. Cotton*, 126 Cal. App. 4th 1006, 1012, 24 Cal. Rptr. 3d 720, 723 (2005) (result of extensive expenditures of time, effort and money, and the materials contain information not generally known within the trade, representing substantial research and compilation of existing and prospective

---

[2] "We likewise reject South Bay's contention that the information taken from SJC was *not* a trade secret because it consisted of only a list of subcontractors whose identities were known in the construction industry. As we observed earlier, the information alleged to be a trade secret comprised much more than a list of subcontractors' names." *Id.*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

LISA BORODKIN
ATTORNEY AT
LAW

customer data, as well as existing and prospective client nurse data.)

Hasbro's Seventh Affirmative Defense, does not negate Shapiro's allegations that Hasbro took "confidential information" with competitive value, including: "excitement, low cost innovations," "never before seen mechanisms," "new ways to play," and "newest and hottest girls trend(s)" (FAC, ¶¶ 2, 6). Shapiro's allegations that her trade secret information, developed in secret and having independent competitive value, included:

> "Shapiro's **original slideshow presentation**, sculptural prototypes all information contained [in the Wishables Submission], including but not limited to idea, concept, design, story, features, advertising, focus group research, news stories, trend analysis, marketing mock-ups, packaging, testimonials, proposed integration with Hasbro existing properties, and licensing examples"

(FAC, ¶32) (emphasis added).

Shapiro specifically alleges that, *inter alia*, the following information is protectable as trade secrets:

> A line of small dolls in eight different, collectible, animal characters with a play pattern similar to familiar "snow globes" but instead of being hemispheric or globe-shaped, **the entire figure of the animal would be in clear or transparent material**, in which glitter would circulate in liquid when the doll was moved; (FAC, ¶ 35.a)

> [T]o use **glitter shaped in a specific symbol** that would swirl around in the liquid inside the animal character; (FAC, ¶35.b)

> [T]o differentiate the animal characters and drive collectability by using a **unique combination of a shape and color of glitter in each** of the eight animal characters in the line; (FAC, ¶ 35.c)

> **Sculptures using Hello Kitty and Littlest Pet Shop showing how** the play mechanics, narrative symbol, packaging and branding **could be applied to existing properties**. . . (FAC, ¶ 35.g);

> **Focus group research** from girls in 2012 and 2013 collecting comments from actual girls about what they liked about the toys, story and presentation (FAC, ¶ 35.h);

> **Trend analysis** from the New York Times and statements from the TSA indicating that snow globes were predicted as a new and hot trend in later 2012 (FAC, ¶ 35.i); and

**The integration** of all the foregoing elements (FAC, 35.h).

(FAC, ¶ 35)(emphasis added). Shapiro alleged commercially reasonable steps to keep this information secret, requiring recipients to sign nondisclosure agreements and keeping materials in locked or password-protected locations. (FAC ¶. 92.)

At the time Shapiro developed her marketing, packaging, and consumer research information, Shapiro correctly concluded that this information, which was then unknown to the marketplace, would successfully speed development time and sell products because nobody had previously noticed the fact that "snow globes" were reported as trendy during 2012 and 2013 and thought to tie the totally clear receptacle into the shape of a character *and* make the glitter in shapes to tell the character's story. Hasbro re-designed their toys after having Shapiro's information on April 25, 2013, and thus accelerated their product development process, which is misappropriation under CUTSA, as discussed above. The benefit of this "first mover advantage" is an economic foundation on which trade secret law is based.  *Cf.*, *generally*, Rajshreee Agarwal, *First Mover Advantage and the Speed of Competitive Entry, 1887-1986*, 44 J.L. & Econ. 161 (2001) ("Investment in innovation is driven by expectations of transitory monopoly returns that innovations are supposed to yield.")

The absence of specific contracts for the affected markets or territories does not deprive plaintiff of claiming the information had value, if a non-speculative basis such as prior contracts are shown. See *Lamb-Weston, Inc. v. McCain Foods, Ltd.,* 941 F.2d 970, 974 (9th Cir. 1991) (criticizing reasoning of District Court in failing to find goodwill with respect to unsolicited but potential customers).

Accordingly, Hasbro's Seventh Affirmative Defense of independently creating products" is not an affirmative defense to misuse of competitive information. Shapiro is entitled to judgment on the Seventh Affirmative Defense.

**8.    Hasbro's Eighth Affirmative Defense of "*De Minimis*" Use Is Inapplicable to Contract and Trade Secret Claims.**

The "*de minimis* exception" is a doctrine of copyright law, which holds that a party does not infringe a copyright if it uses only a *de minimis* portion of the copyrighted work.  *See*, *e.g.*, *Newton v. Diamond*, 388 F.3d 1189, 1192-93 (9th Cir. 2003)* (citing *Fisher v. Dees*, 794 F.2d 432, 434 n.2 (9th Cir. 1986)).  Shapiro is entitled to judgment on Hasbro's Eighth Affirmative Defense that "[t]o the extent Hasbro made any use of the alleged trade secrets and/or any information obtained from the Wishables Submission, such use was *de minimus*."

It has not, however, been recognized in the trade secret context, much less the breach of contract context.  There is simply no authority that this defense could apply to Shapiro's claims, as opposed to the copyright claim she long ago dismissed.

### 9. Hasbro's Ninth Affirmative Defense for "Reservation of Rights" Is Not an Affirmative Defense.

Hasbro's Ninth Affirmative Defense is that "Hasbro reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery." Reservation of rights is "clearly not an affirmative defense, but a reservation of a supposed right not reflected in the Federal Rules of Civil Procedure." See *Cassirer v. Thyssen-Bornemisza Collection Found.*, No. CV 05-03459 GAF EX, 2014 WL 5510996, at *4 (C.D. Cal. Oct. 31, 2014) (striking "reservation of rights" defense). Hasbro has the right to seek the Court's permission to amend its pleadings, but not more. *See id.* Accordingly, Shapiro is entitled to judgment on the pleadings on Hasbro's Ninth Affirmative Defense.

## V.    CONCLUSION.

For the reasons stated, the Court should grant judgment in favor of Shapiro on Hasbro's Affirmative Defenses.

DATED:      June 27, 2016          Respectfully submitted,

LISA BORODKIN ATTORNEY AT LAW
Lisa J. Borodkin
Damion D. D. Robinson

By:      _/s/ Lisa J. Borodkin_
LISA J. BORODKIN

KING, HOLMES, PATERNO & SORIANO, LLP

Attorneys for Plaintiff ELINOR SHAPIRO