FILED

**NOT FOR PUBLICATION**

JUN 30 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELINOR SHAPIRO, | No. 15-56661 |
| Plaintiff - Appellant, | D.C. No. 2:15-cv-02964-BRO-AJW |
| v. | |
| HASBRO, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted June 7, 2016
Pasadena, California

Before: GOULD, MELLOY[**], and HURWITZ, Circuit Judges.

Elinor Shapiro appeals the district court's denial of her motion for a

preliminary injunction in her action against Hasbro, Inc.  Shapiro alleges

misappropriation of trade secrets under the California Uniform Trade Secrets Act

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

(CUTSA), Cal. Civ. Code §§ 3426–3426.11.  We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

The district court found that the alleged trade secrets were in the public domain, and that the alleged trade secrets were independently created by Hasbro before Shapiro presented her Wishables line to Hasbro representatives.  These findings both were amply supported by the record.

Based on the finding of independent creation, the district court correctly concluded that Hasbro had not engaged in misappropriation of alleged trade secrets.  The district court also correctly concluded that because the alleged trade secrets were "generally known to the public or to other persons," that they did not qualify as trade secrets under CUTSA.  *See* Cal. Civ. Code § 3426.1(d)(1).  Given these findings, Shapiro's trade secret claims do not present a substantial likelihood of success, and indeed do not raise "serious questions" on the merits.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).  Additionally, as the district court reasoned, the balance of hardships to be assessed does not tip strongly in favor of Shapiro.  We conclude that the district court did not abuse its discretion in denying the motion for a preliminary injunction.  *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *All. for the Wild Rockies*, 632 F.3d at 1131–32.

**AFFIRMED.**